UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID FLATTMANN AND §<br>JAMIE FLATTMANN § <br> §<br>*Plaintiffs,* §<br> §<br>vs. §<br>METROPOLITAN LLOYDS INSURANCE §<br>COMPANY OF TEXAS §<br>AND  MICHAEL L. ESMAY §<br> §<br>*Defendants.* § | CIVIL ACTION NO. 5:17-cv-00551 |

# PLAINTIFFS' FIRST AMENDED PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW David Flattmann and Jamie Flattmann hereinafter referred to as "Plaintiffs", hereby amends this petition to correct and change the name of Defendant Metropolitan Property and Casualty Insurance Company, to Metropolitan Lloyds Insurance Company of Texas, and along with Michael Esmay hereinafter are collectively referred to as "Defendants" and hereby respectfully shows unto the Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level III of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II.  RULE 47 STATEMENT

Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## III. PARTIES

Plaintiff, David Flattmann is an individual and resident of Guadalupe County, Texas.

Plaintiff, Jamie Flattmann is an individual and resident of Guadalupe County, Texas.

Defendant Metropolitan Lloyds Insurance Company of Texas (hereinafter individually referred to as "Metropolitan") is an insurance company, which on information and belief, is eligible to conduct the business of insurance in Texas. Defendant Metropolitan Lloyds Insurance Company of Texas has made an appearance in this suit.

Defendant Michael Esmay (hereinafter individually referred to as "Esmay") is an insurance adjuster licensed in the State of Texas, which on information and belief, is eligible to conduct the business of insurance in Texas. Defendant Micheal Esmay has made an appearance in this suit.

## IV. MISNOMER, ALTER-EGO

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## V. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Guadalupe County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in Guadalupe County (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Guadalupe County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Guadalupe County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences.  *See* Tex. Civ. Prac. & Rem. Code §15.005.

## VI.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VII. FACTS

A. Plaintiffs are the holders of Policy Number: 8472208830 and maintained by Defendant Metropolitan (hereinafter referred to as the "Policy Number").

B. Plaintiffs are owners of the property which is specifically located at: 2516 Cove Brook, Schertz, Guadalupe County, Texas 78415 (hereinafter referred to as the "Property").

C. Defendant Metropolitan or their agents/representatives, sold a policy to Plaintiffs insuring the Property (hereinafter referred to as the "Policy"). Defendant Metropolitan represented to the Plaintiffs that the Policy was sufficient to cover any possible damages to the Property and Plaintiffs relied on those representations. Policy is attached and incorporated as "Exhibit A."

D. Defendant Metropolitan represented that the Plaintiffs had adequate personal property and dwelling coverage for the benefit of the Plaintiffs' Property.

E. On or about April 12, 2016, a wind and hailstorm caused significant damage to the exterior and also the interior of the Property as well of which Plaintiffs reported a loss to Defendant Metropolitan.

F. Plaintiffs submitted a claim against the Policy for damage sustained to the Property as a result of the wind and hailstorm and Defendants assigned claim number: JDF9557O4 (hereinafter referred to as the "Claim"). Plaintiffs requested that Defendant Metropolitan cover the cost of repairs to the Property, replace or repaired damaged covered personal property, and if warranted, allocated loss of use payment pursuant to the Policy and any other available coverage under the Policy.

G. Prior to Plaintiffs purchasing the Policy, the Defendant Metropolitan represented to Plaintiffs that damages like what the Property sustained by the wind and hailstorm would be covered by the Policy if such damage occurred. Defendant Metropolitan further represented that it was a quality insurance company, a reputable insurance company, with few complaints, and that Defendant Metropolitan would pay Plaintiffs fairly for damage to the Property in the event of a

        claim, that Defendants collectively would treat Plaintiffs fairly, and that Plaintiffs' Policy provided coverage for the Property. Moreover, Defendants collectively represented that they would not conduct an outcome-oriented investigation of Plaintiffs' claim, and that overall Plaintiffs would be adequately and fairly compensated if Plaintiffs' Property sustained damage from a wind and hailstorm and Plaintiffs made a claim under the Policy. These and other representations by Defendant Metropolitan were false and were either negligently made to Plaintiffs, recklessly made without any knowledge of their truth or their falsity, or they were made knowingly and intentionally regarding their falsity. These misrepresentations were made to induce Plaintiffs to purchase the Policy from Defendant Metropolitan, and Plaintiffs did, in fact, rely on these misrepresentations in deciding to purchase the Policy from Defendant Metropolitan.

H.    Without limitation, Defendant Esmay's narrow assessment negligently misrepresented the intentions to evaluate all the damages that had occurred by simply ignoring the damage to the entire Property with an outcome oriented analysis of minimal areas of the dwelling damages alone. Defendant Esmay simply indicated the damage was due to wear and tear, despite the age of the roof being seven (7) years old according to the Policy declarations. Through their denial of the claim, Defendants also failed to account for the cost of repair, replacement, and/or removal of the damaged Property as a result of the wind and hailstorm to return the property to pre-loss condition. Defendants have also failed to account for the Plaintiffs' out-of-pocket cost to mitigate the loss as well as the amount of insurance coverage for Plaintiffs' claim/loss under Plaintiffs' Policy.

I.    Defendants failed to properly adjust the claims and have denied at least a portion of the claim with an inadequate investigation by solely relying on Defendant Esmay's narrowly tailored and grossly misrepresented inspection, even though the Policy provides coverage for losses such as those suffered by Plaintiffs. Furthermore, these false representations made by Defendant Esmay

in the misrepresented damage assessment, was intentionally incorporated by the Defendant Metropolitan to minimize payment on the claim, have and continue to allow Defendants to financially gain by wrongfully denying at least a portion of Plaintiffs' Claim.

J. Plaintiffs' Claim still remains unpaid and they still have not been able to properly repair the Property due to the outcome-oriented investigation, misrepresentations, and failures of Defendants to properly adjust the damage and promptly submit full payment per the Policy.

K. Defendants have failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant Metropolitan failed and refused to pay on the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property due to the wind and hailstorm. All conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant Metropolitan's conduct constitutes a breach of contract between the Defendant Metropolitan and Plaintiffs.

L. Defendant Esmay's outcome-oriented investigation was a misrepresentation to Plaintiffs by failing to account for the total damages inflicted upon Plaintiffs' Property due to the wind and hailstorm. Defendant Metropolitan accepted the misrepresentations from Defendant Esmay, adopted and incorporated them into the denial of at least a portion of Plaintiffs' claim by indicating the loss was not covered.  A second inspection was reportedly conducted by Defendant Metropolitan; however, no damage was reported by Defendants despite previously been provided with photographs to the contrary. Defendants' conduct constitutes a violation of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer.  TEX. INS. CODE Section 541.060 (a)(1).

M. Defendant Metropolitan failed to make an attempt to settle Plaintiffs' claim in a fair manner, even though they were aware of their liability to Plaintiffs under the Policy.  Defendant

Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(2)(A).

N. Defendant Metropolitan failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant Metropolitan failed and refused to pay on the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant Metropolitan's conduct constitutes a breach of contract between the Defendants and Plaintiffs.

O. Defendants and/or its representative, including Defendant Esmay misrepresentations to Plaintiffs that they performed a thorough investigation; however, in reality Defendants refused to assess the total damages inflicted upon Plaintiffs' Property due to the wind and hailstorm. Defendants' conduct constitutes a violation of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer.  TEX. INS. CODE Section 541.060 (a)(1).

P. Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, even though they were aware of their liability to Plaintiffs under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(2)(A).

Q. Defendant Metropolitan failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendant Metropolitan failed to offer Plaintiffs adequate compensation, without further investigating the damages cause to the dwelling and entire Property due to the wind and hailstorm. Furthermore, Defendant Metropolitan did not communicate that any possible future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim.  Defendant Metropolitan's conduct constitutes a violation of

the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060 (a)(3).

R. Defendant Metropolitan failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire Claim, in writing from Defendant Metropolitan despite the evidence presented depicting the wind and hailstorm. Defendant Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(4).

S. Defendants refused to compensate Plaintiffs, under the terms of the Policy, because Defendants failed to conduct a reasonable investigation of the wind and hailstorm property. Specifically, Defendant Esmay performed a substandard, outcome-oriented investigation of Plaintiffs' damage by failing to fairly and adequately inspect the entire Property; Furthermore, Defendant Metropolitan accepted Defendant Esmay's misrepresentations of the Property damage and incorporated them into the denial of at least a portion of Plaintiffs' Claim. This negligently conducted inspection resulted in Defendant Metropolitan's biased, unfair, and inequitable evaluation of Plaintiffs' loses to the Property as covered by the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060 (a)(7).

T. Defendant Metropolitan failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' Claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' Claim within the statutorily mandated deadline.  Defendant Metropolitan's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

U. Defendants failed to accept or deny Plaintiffs' full and entire Claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

V. Defendants Metropolitan failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiffs' Claim without delay. Specifically, Defendants have delayed full payment of Plaintiffs' Claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

W. From and after the time Plaintiffs' Claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants Metropolitan have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

X. As a result of all of Defendants' wrongful acts, misrepresentations, and omissions as set forth herein, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

Y. Plaintiffs' experience is not an isolated case. The wrongful acts, misrepresentations, and omissions committed by Defendants in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly biased and designed to reach favorable outcomes for the company at the expense of the policyholder.

## VIII. THEORIES OF LIABILITY

**A. Cause of Action for Breach of Contract**

According to the Insurance Policy that Plaintiffs purchased, Defendants have the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from wind and hailstorm. As a result of the wind and hailstorm, which is a covered peril under the Policy, Plaintiffs' Property has been damaged beyond normal wear and tear.

Defendants' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendants' contract with Plaintiffs. As a result of this breach of contract, Plaintiffs' have suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code, including without limitation the misrepresentations made by any of the Defendants as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants.

Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' Claim, Defendants did not request from Plaintiffs any items and forms that it reasonably believed at that time would be required for adequately processing Plaintiffs' Claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiffs' Claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiffs' Claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiffs

any additional monies on Plaintiffs' Claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA, including without limitation the misrepresentations made by the Defendants as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants. Plaintiffs are consumers or intended beneficiaries of goods and services provided by Defendants pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants.

By its acts, omissions, failures, and conduct that are described in this petition, The Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt regarding, *intra alia*, the reported age of the roof, and (3) its failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiffs that its insurance policy, adjusting, and investigative services such as Defendant Esmay's had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that its insurance policy adjusting and investigative services, and specifically Defendant Esmay's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised its insurance policy, adjusting and investigative services such as Defendant Esmay's estimate of damage would be fair and unbiased and of a particular standard, with actual intent to not sell to Plaintiff them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that its insurance policy and Defendant Esmay's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose information such as Defendants biased investigatory claims practices, was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience regarding but not limited to insurance procedures, and assessment of property damage to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition. Furthermore, Plaintiffs were the intended

beneficiaries of Defendant Esmay's negligently conducted, outcome-oriented inspection and misrepresented estimate of damage to the Property, to which Defendant Metropolitan incorporated them into the denial of at least a portion of Plaintiffs' claim. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code, including without limitation the misrepresentations made by any of the Defendants as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants. Whereas, Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, Defendants' failure to pay for the damage to Plaintiffs' personal property and proper repair of Plaintiffs' real property on which liability had become reasonably clear; engaging in false, misleading and deceptive acts or practices in the business of insurance in this case; and misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue. They further include Defendants' failure to give Plaintiffs the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Defendant Esmay's negligently conducted an outcome oriented inspection of Plaintiffs' Property resulting in misrepresentations of pertinent facts or policy provisions relating to the coverage at issue, and Defendant Metropolitan's incorporation of those misrepresentations in refusing to pay at least a portion of the Claim;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiffs' Claim within a reasonable time;

F. Refusing to pay Plaintiffs' Claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations of the preceding paragraphs for this cause of action, including without limitation the misrepresentations made by any of the Defendants as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants. By its acts, omissions, failures and conduct, Defendants have breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire Claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiffs' entire Claim and by failing to settle Plaintiffs'

Claim because Defendants knew or should have known that it was reasonably clear that the Claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiffs' damages.

**F.     Misrepresentation**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants made misrepresentations as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants. These misrepresentations were made to induce Plaintiffs to purchase the Policy from Defendants, and Plaintiffs did, in fact, rely on these misrepresentations in deciding to purchase the Policy from Defendants. Furthermore, Plaintiffs was the intended beneficiaries of Defendant Esmay's investigative services to which eventually revealed a misrepresentation of the actual damages to the Property, and Defendant Metropolitan incorporated those misrepresentations into the denial of at least a portion of Plaintiffs' Claim.

These negligent, reckless, or intentional misrepresentations of Defendants were the proximate cause of damage to the Plaintiffs.

**G.     Fraud**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. Defendants by and through its agents and/or representatives made false representations, and/or false promises to Plaintiffs. These false representations and/or false promises made by the Defendant Esmay were material misrepresentations or omissions of fact regarding the Property damage and Policy coverage, and Defendant Metropolitan incorporated those misrepresentations into the continued denial of at least a portion of Plaintiffs' claim. Defendant Esmay's outcome oriented investigation and biased claims process has now revealed that Defendant Metropolitan's representations, and/or

promises were false and were made either intentionally, recklessly, or without regard to their truth, and with the intent to induce Plaintiffs into purchasing the insurance policy at issue, and accepting as true and correct the adjustment of Plaintiffs' Claim. As a result of Defendants' material misrepresentations and omissions to which Plaintiffs detrimentally relied upon, Plaintiffs have suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants. These reckless and/or intentional misrepresentations of Defendants were the proximate cause of damage to the Plaintiffs.

## IX.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## X.  DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' real property and any investigative and/or engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Furthermore, Plaintiffs' have suffered independent injuries due mental anguish, and also due to the increase in the costs of labor and materials to properly restore the Property to pre-loss condition from the April 23, 2014 loss through the present date of this pending claim. Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees.  All the damages described in this petition are within the jurisdictional limits of the Court.

## XI.  ADDITIONAL DAMAGES

Defendant also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.  Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XII.  EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs were done intentionally, with a conscious indifference to the rights, mental health and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XIII.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIV. JURY DEMAND

Plaintiffs asserts Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for

trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

## XV. REQUEST FOR DISCLOSURE

Defendants, within 50 days after service of this Petition, are requested to furnish the information and material described in Texas Rules of Civil Procedure 190.2(6) and 194.2.

## XVI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and will recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**WAYNE WRIGHT, LLP**
5707 Interstate Ten West
San Antonio, Texas 78201
(210) 734-7077 (Telephone)
(210) 734-9965 (Facsimile)

By: /s/   Brent L. Klender   /s/
**BRENT L. KLENDER**
**bklender@waynewright.com**
**Texas State Bar No. 24095204**
HAROLD MCCALL
hmccall@waynewright.com
Texas State Bar No. 24054279
DON CROOK
dcrook@waynewright.com
Texas State Bar No. 00783901
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Plaintiff's First Amended Petition and Request For Disclosure has been forwarded to all counsel of record in accordance with the Court's Electronic Case Filing (ECF) system on this the 3rd day of August 2017, and as follows:

Dennis D. Conder  
Stacy, Conder, Allen LLP  
901 Main Street, Suite 6200  
Dallas, Texas 75202  
**Attorney for Defendant Metropolitan Lloyds Insurance Company of Texas**

☐ CMRRR  
☐ Hand Delivery  
☐ Fax (214)748-1421  
☐ Regular U.S. Mail  
☒ E-mail: conder@stacyconder.com

                                            */s/* Brent L. Klender */s/*  
                                            Brent L. Klender